UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

Gordon Stockenauer,

                Plaintiff,           Civil Action No.: 14-13865
                                       Honorable Marianne O. Battani
           v.                Magistrate Judge David R. Grand

Timothy Ball, *et al.*,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS [27], DENY AS MOOT PLAINTIFF'S MOTIONS TO ADD ADDITIONAL DEFENDANTS [12, 14] AND MOTION FOR DEFAULT JUDGMENT [23], AND TO DISMISS PLAINTIFF'S COMPLAINT [1] WITHOUT PREJUDICE

This matter is before the Court on Defendants Timothy Ball, Thomas Holden, and Bridget Ball's Motion to Revoke *In Forma Pauperis* Status and to Dismiss. [27]. Plaintiff Gordon Stockenauer submitted several responses to this motion. [28, 29, 30, 36, 37].

## I.    RECOMMENDATION

For the reasons set forth below, the Court recommends that Defendants' Motion to Revoke *In Forma Pauperis* Status and to Dismiss [27] be GRANTED such that Stockenauer's leave to proceed without prepayment of fees and costs be REVOKED, and his complaint [1] be DISMISSED WITHOUT PREJUDICE. In light of this recommendation, the Court also recommends that Plaintiff's Motions to Add Additional Defendants [12, 14][1] and Motion for Entry of Default and Default Judgment [23] be DENIED AS MOOT.

_____

[1] Stockenauer filed two motions entitled "Motion for Additional Adding of Defendants to Civil Complaint for Service of Civil Complaint and Supporting Documents Upon the Court and All Defendants in the Above Civil Action Et. Al." [12, 14].

II.      **REPORT**

A.      **Background**

Stockenauer is an inmate in the Michigan Department of Corrections ("MDOC"), and is currently incarcerated at the Saginaw Regional Correctional Facility ("SRF").  On October 6, 2014, Stockenauer filed the instant complaint pursuant to 42 U.S.C. § 1983 against numerous MDOC employees.  [1].  He requested and was granted *in forma pauperis* status pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a).  [10].  Stockenauer's allegations relate to his prior incarceration at the Oaks Correctional Facility ("ECF") and his current incarceration at SRF.  He alleges that in January 2014, he slipped on ice at ECF, and suffered significant injuries to his back which led him to file numerous grievances.  [1 at 4].  Stockenauer also seems to allege that prison officials paid an inmate (who he later identified only as "T-Luck") to cut his face on July 13, 2014, as retaliation for (1) filing the grievances and (2) prior litigation Stockenauer filed against guards, and that Defendant Holden later deleted video recordings of the attack as a cover-up.  [*Id.*; 28 at 3].  Stockenauer alleges that he was transferred to SRF shortly after this attack "to put [his] life in further danger," as SRF is allegedly a facility in which inmates stab and cut one another at a rate higher than occurs at any other Michigan prison (in part due to an alleged lack of video cameras in the housing unit).  [1 at 5, 8].  Stockenauer also asserts that he is in "great danger of being murdered" at SRF because government officials in Lansing conspired to have "T-Luck" transferred to that prison so that he can intimidate or kill Stockenauer to ensure that he is unable to pursue his lawsuits and grievances.  [*Id.* at 8; 28 at 2].  Finally, Stockenauer seems to allege that he has been denied certain health treatments, though he states that he refused an unspecified surgery because he believed he would be murdered, apparently by MDOC health care workers.  [1 at 10].

B.    **Legal Standards**

Congress enacted 28 U.S.C. § 1915, the federal statute permitting plaintiffs to file *in forma pauperis*, "to ensure that indigent litigants have meaningful access to the federal courts" by waiving the filing fees which might otherwise prevent meritorious suits from being lodged. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, in recognition of the potential for abuses of this system, Congress passed the Prison Litigation Reform Act ("PLRA"), codified in relevant part as 28 U.S.C § 1915(g). Under that section of the PLRA, a prisoner who files a meritless lawsuit will acquire a "strike." A prisoner who acquires three strikes is prohibited from filing future litigation *in forma pauperis*. The relevant portion of the Three Strikes statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statute thus bars a prisoner litigant with "three strikes" from filing a complaint *in forma pauperis* unless he properly alleges that he is currently experiencing imminent danger of serious physical injury. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). The imminent danger exception is "subject to the ordinary principles of notice pleading." *Id.*

In their instant Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss [27], Defendants argue that Stockenauer has had at least three cases dismissed, which constitute "strikes" under 28 U.S.C. § 1915(g), and thus the Court must revoke his *in forma pauperis* status. [27 at 8]. Stockenauer does not seem to dispute that he has "three strikes" against him.

Rather, he argues that the Defendants' motion should be denied because he meets the statute's imminent danger exception.  [28 at 3].

C.    **Analysis**

1.    *Stockenauer Has Acquired Three Strikes*

In support of their argument that Stockenauer's complaint must be dismissed Defendants identify three prior cases brought by Stockenauer which were dismissed: *Stockenauer v. Sheldon S. Toll*, Case No. 2:96-cv-74025 (E.D. Mich. Oct. 30, 1996) (dismissed)[2]; *Stockenauer v. Don Hurrell*, Case No. 2:94-cv-213 (W.D. Mich. Nov. 15, 1994) (dismissed as frivolous); *Stockenauer v. Mr. Kapture, et al.*, Case No. 1:92-cv-10372 (E.D. Mich. Jan. 13, 1993) (dismissed as frivolous).  Defendants also identify *Stockenauer v. Thomas Holden, et al.*, Case No. 2:02-cv-71267 (E.D. Mich. July 31, 2002), which was dismissed expressly pursuant to 28 U.S.C. § 1915(g)'s Three Strikes provision.[3]  Accordingly, Stockenauer falls within the purview of § 1915(g).  As noted above, Stockenauer does not argue otherwise, and instead argues that the statute's "imminent danger" exception applies.  [36].

2.    *Imminent Danger Exception*

Because Stockenauer has "three strikes," his *in forma pauperis* complaint must be dismissed unless he has properly pled that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Stockenauer has filed numerous papers, in addition to his

---

[2] While available records show that this particular action was dismissed, they do not reveal the reason for the dismissal.  The Court was unable to locate a copy of the decision in *Stockenauer v. Toll*, and thus is unable to determine whether the dismissal was granted for reasons of frivolousness, maliciousness, of failure to state a claim upon which relief may be granted.

[3] In a July 31, 2002 order, the Honorable Denise P. Hood ruled that Stockenauer's "Complaint should be dismissed under the three strikes provision in 28 U.S.C. § 1915(g)" over Stockenauer's objections.  *Stockenauer v. Thomas Holden, et al.*, Case No. 2:02-cv-71267 (E.D. Mich. July 31, 2002) (Doc. #15 at 1).

complaint, which contain allegations regarding the "imminent danger" he claims to be facing. First, he filed a document titled "affidavit of plaintiff," in which he attests that "T-Luck" was "payed [sic] by LT/Thomus [sic] Holden . . . to place fear in me to keep me from fileing [sic] my civil action and further grievances."  [28 at 2].  Stockenauer seems to be attempting to supplement the allegation in his complaint that MDOC officials are conspiring to kill him to prevent his lawsuits and grievances from being pursued, and have "hired" inmate "T-Luck" to do so.  He alleges that certain wardens at ECF and SRF are "acting in consert [sic] together with the defendants named in this law suite [sic]" and that they "conspired and did move ["T-Luck"] . . . to the Saginaw Correctional Facility with the intent to place plaintiff's life in danger of being murdered by that inmate."  [*Id*. at 3].  Stockenauer also asserts that "T-Luck" informed him that "the defendants put him hear [sic], and the warden and his staff hear [sic] at Saginaw Correctional Facility are letting staff – let that inmate "T-Luck" sneak out of level 4 into level 2 to stabe [sic] me or kill me if I don't stop my law suite [sic] against the defendants in this law suite! [sic]."  [*Id*. at 4].

In a separate submission to the court entitled "Motion in Response to Order of Reference," Stockenauer adds that the "Defendants caused and payed [sic] ["T-Luck"] in July 2013 to slash the plaintiff's face with a toothbrush with razor (blades) attached."  [36 at 4]. Further, he asserts that "T-Luck" "threatened to get on the level two compound and stated, this time he has Lansing's OK to stab and kill this plaintiff, he said eather [sic] drop your law suit or I'll kill you right on your level two yard!"  [*Id*. at 7].

Stockenauer also asserts that he is in imminent danger of serious physical injury because the Defendants failed to provide a safe and well maintained prison yard, resulting in him slipping on ice and injuring his back.  [36 at 2].  He attests that he was denied pain medication for a time,

5

and he is "only now being given adequate pain medication." [*Id.* at 4]. Stockenauer also states

in his complaint that "I refused my surgery [following his fall on ice] because I beleave [sic] . . .

I was about to be murdered in that surgery . . . to cover up my injurys [sic]." [1 at 10].

Stockenauer's allegations do not suffice to invoke the Three Strike rule's "imminent

danger" exception. A proper allegation of imminent danger must be "real and proximate," and

"must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. Appx. 796, 797 (6th

Cir. 2008) (internal quotation marks omitted). Thus, an assertion that the plaintiff experienced

danger at some point in the past does not satisfy this exception. *See Percival v. Gerth*, 443 F.

App'x 944, 946 (6th Cir. 2011). Furthermore, such allegations "must be sufficient to allow a

court to draw reasonable inferences that the danger exists." *Vandiver*, 727 F.3d at 585.

Assertions of imminent danger which lack specificity fail to meet this standard. *See Shephard v.

Clinton*, 27 F. App'x 524, 525 (6th Cir. 2001); *Daniel v. Lafler*, No. 08-13817, 2009 WL

2386064, at *3 (E.D. Mich. July 28, 2009). "District courts may deny a prisoner leave to

proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or

ridiculous, or are clearly baseless (*i.e.* are fantastic or delusional and rise to the level of irrational

or wholly incredible)." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 798).

Defendants correctly argue that Stockenauer has not properly alleged that he is in

imminent danger of serious physical injury because his alleged back injury has already occurred,

and because his allegations regarding a conspiracy involving MDOC officials in Lansing and

prison guards and officials at EFC and SRF to have Stockenauer murdered are conclusory and

fantastical. [27 at 7-8].

First, Defendants are correct that an injury which has already occurred does not create a

present risk of "imminent danger." Thus Stockenauer's allegations of past negligence with

regard to his slip on ice and resulting back injury are insufficient to meet the exception.  To the extent Stockenauer alleges an ongoing poorly maintained prison yard, such allegations also do not establish that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g). Similarly, Stockenauer's allegations that MDOC medical staff deliberately mischaracterized his injuries to conceal the negligence that resulted in his fall are unsupported and fail to adequately allege any imminent danger.

Second, Stockenauer's various assertions of a conspiracy between government officials in Lansing and numerous MDOC officials and prison guards to either murder him or intimidate him into dropping his lawsuits by hiring prisoner "T-Luck" as a hitman are conclusory, fanciful, and are not supported by any evidence whatsoever.  Stockenauer's assertion that SRF lacks cameras in the housing unit merely creates speculation as to an increased opportunity for wrongful conduct to occur there, but falls far short of specifying any actual imminent danger. Similarly, his allegation that MDOC medical staff intended to murder him during surgery is conclusory, delusional, and presented without any evidentiary support whatsoever.  Stockenauer does not allege that he is currently being denied any medical treatment; to the contrary, his own allegations make clear that he is receiving such care.  [36 at 4].

In sum, Stockenauer's allegations are insufficient to implicate the Three Strikes provision's "imminent danger" exception.  *See Gresham v. Czop*, No. 1:12-CV-494, 2012 WL 2317558, at *6 (W.D. Mich. June 18, 2012) (compiling cases in which a prisoner's allegations of a murderous conspiracy between prison officials was found to be delusional, and did not constitute imminent danger); *Hatten v. Barker*, No. 11-CV-00108-BNB, 2011 WL 995854, at *1 (D. Colo. Mar. 17, 2011) (finding allegations of conspiracy between prison officials to place the prisoner in a more dangerous facility insufficient to demonstrate the likelihood of imminent

serious physical injury). Accordingly, because Stockenauer filed complaints resulting in at least "three strikes" under 28 U.S.C. § 1915(g), and has failed to meet that statute's "imminent danger" exception, his complaint should be dismissed without prejudice, and his *forma pauperis* status should be revoked. *Shabazz v. Campbell*, 12 F. App'x 329 (6th Cir. 2001) (noting that dismissal under the Three Strikes provision should be without prejudice). Stockenauer should be permitted to pursue this matter only upon payment of the applicable filing fee under 28 U.S.C. § 1914.

## III.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion to Revoke *In Forma Pauperis* Status and to Dismiss **[27]** be **GRANTED**, such that Stockenauer's leave to proceed without prepayment of fees and costs be **REVOKED**, his complaint **[1]** be **DISMISSED WITHOUT PREJUDICE**, and his Motions to Add Additional Defendants **[12, 14]**, and Motion for Entry of Default and Default Judgment **[23]** be **DENIED AS MOOT**.


Dated: February 18, 2015                          s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge


### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail

2:14-cv-13865-MOB-DRG   Doc # 40   Filed 02/18/15   Pg 9 of 9   Pg ID 311

to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record
and any unrepresented parties via the Court's ECF System to their respective email or First Class
U.S. mail addresses disclosed on the Notice of Electronic Filing on February 18, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager