UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GORDON STOCKENAUER,

        Plaintiff,                        CASE NO. 14-13865

v.                                      HON. MARIANNE O. BATTANI

TIMOTHY BALL, et al.,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND REVOKING PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

      Plaintiff Gordon Stockenauer, an inmate incarcerated at the Saginaw Regional Correctional Facility filed this action on October 6, 2014, alleging employees of the Michigan Department of Corrections ("MDOC") violated 42 U.S.C. § 1983. On January 8, 2015, the Court referred this matter to Magistrate Judge David R. Grand for all pretrial proceedings. (See Doc. No. 25).

      In a Report and Recommendation ("R&R") dated February 18, 2015, the Magistrate Judge recommended that Defendants' Motion to Revoke *In Forma Pauperis* Status and to Dismiss be granted. Magistrate Judge Grand also recommended that Plaintiff's Motions to Add Additional Defendants (Doc. Nos. 12, 14) and Motion for Entry of Default and Default Judgement (Doc. No. 23) be denied as moot. Plaintiff objects to the R&R and also to the Magistrate Judge's Order Denying Plaintiff's Request for Appointment of Counsel. For the reasons that follow, the Court **DENIES** Plaintiff's objection to the Magistrate Judge's Order denying appointment of counsel, **ADOPTS**

the Report and Recommendation, **DISMISSES** Plaintiff's complaint without prejudice, and **REVOKES** Plaintiff's *in forma pauperis* status.

## I.  PROCEDURAL BACKGROUND

The factual allegations giving rise to Plaintiff's complaint relate to an incident that occurred in January 2014, when Stockenauer slipped on ice and suffered an injury, his subsequent treatment for the injury and his more recent contention that his life is in danger because government officials have conspired to have another inmate intimidate or kill Stockenauer to prevent Plaintiff from pursuing his lawsuits and grievances.  After assessing the allegations as well as Defendants' motion to dismiss, Magistrate Judge Grand recommended Plaintiff's *in forma pauperis* status be revoked pursuant to 28 U.S.C. § 1915(g).  In reaching this recommendation, the Magistrate Judge noted that on three prior occasions the court had dismissed a complaint filed by Plaintiff as frivolous or for failure to state a claim.  In addition, he determined that Plaintiff was not in imminent danger of serious physical injury when the complaint was filed.

According to the Magistrate Judge, Plaintiff's allegations about his back injury have already occurred and his allegations about the conspiracy involving MDOC officials and prison guards to have Plaintiff murdered "are conclusory and fantastical." (Doc. No. 40 at 6).  The Magistrate Judge elaborated:

> Stockenauer's various assertions of a conspiracy between government officials in Lansing and numerous MDOC officials and prison guards to either murder him or intimidate him into dropping his lawsuits by hiring prisoner 'T-Luck' as a hitman are conclusory, fanciful, and are not supported by any evidence whatsoever.  Stockenauer's assertion that [Saginaw Regional Correctional Facility, where he currently is incarcerated] lacks cameras in the housing unit merely creates speculation as to an increased opportunity for wrongful conduct to occur there, but falls far short of specifying any actual imminent danger.  Similarly, his allegation that MDOC medical

staff intended to murder him during surgery is conclusory, delusional, and presented without any evidentiary support whatsoever. Stockenauer does not allege that he is currently denied any medical treatment; to the contrary, his own allegations make clear that he is receiving such care.

(Doc. No. 40 at 7).

## II. STANDARD OF REVIEW

Vandiver's request for leave to proceed *in forma pauperis* is governed by the 1996 Prison Litigation Reform Act. Title 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appeal if the prisoner has "three strikes." It reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).

## III. ANALYSIS

Although the statute provides an exception to the three strikes rule, where the prisoner alleges that he is under imminent danger of serious physical injury, the exception is not applicable here. In Vandiver v. Vasbinder, 416 Fed. Appx. 560, 562 (6th Cir. 2011), the appellate court observed that the exception is a pleading burden. Because Stockenauer is proceeding pro se, the Court construes his complaint liberally. Nevertheless, his complaint most contain factual allegations from which this Court reasonably could infer Plaintiff was under an existing danger at the time he filed his complaint. Vandiver v. Prison Health Servs., Inc., 727 F.3d 580, 585 (6th Cir. 2013) (citations omitted).

3

To allege imminent danger, Plaintiff must allege a "threat or prison condition" that is "real and proximate." Rittner v. Kinder, 290 Fed. Appx. 796, 797 (6th Cir. 2008). (internal quotation marks omitted). Moreover, the danger of serious physical injury must exist at the time the complaint is filed." Id. Consequently, Stockenauer's assertion that he faced danger in the past does not invoke the exception." Id. at 797–98; Percival v. Gerth, 443 Fed. Appx. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."). Further, the allegations do not create a reasonable inference that the danger alleged exists. Plaintiff's allegations of a conspiracy are wholly incredible.

## IV.  CONCLUSION

Here, the Court concludes that the "three strikes" provision of 28 U.S.C. § 1915(g) applies. Therefore, Defendants' Motion to Revoke *In Forma Pauperis* Status and to Dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiffs' Motions to Add Additional Defendants and his Motion for Entry of Default and Default Judgment are **DENIED as moot.**

**IT IS SO ORDERED.**


Date:   July 24, 2015                              s/Marianne O. Battani
                                                        MARIANNE O. BATTANI
                                                        United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 24, 2015.

s/ Kay Doaks  
Case Manager
